GRAUER et al. v. RUDINSKY et al.

(Supreme Court, Appellate Term. June 30, 1908.)

1. LANDLORD AND TENANT—LEASES—ASSIGNMENT—REQUISITES.
Where neither the balance of the term of a lease nor the lease itself was for a year, the lessee could transfer it by any act evidencing such purpose.

2. SAME—LIABILITY OF SUCCESSOR.
Where leased premises were actually transferred by the lessee, during the last month of the lease, for which rent had not been paid, the lessee vacating the premises and his successor taking possession, the lessor could, at his option, sue and recover from the lessee for the month's rent, or from his successor, treated as assignee, for the period of his occupancy under the agreement of transfer, though both the lessee and his successor denied that there was any assignment.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Louis Grauer and another against Louis Rudinsky and others. From a judgment for defendants, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Grauer & Rathkopf, for appellants.
Alexander Fox, for respondents.

MacLEAN, J. One Warner, having from the plaintiffs a lease of a loft to expire February 1, 1908, sold his fixtures to the defendants, agreeing to move out and let them have the place. Warner moved out in the middle of January, and the defendants moved in without consulting the owners, the plaintiffs, whose action was brought for use and occupation, but amended on the trial to accord with the proof. Warner not paying the rent on January 1st, when it was due, the plaintiffs' collector, calling for it about the 12th and finding the defendants in possession, demanded it of the defendants, who replied they had nothing to do with the plaintiffs, and refused payment.

Neither the balance of the term, nor the term itself, being for a year, it might be transferred by any act evidencing such a purpose. Although both Warner and his successors in estate denied in words that there was any assignment, possession of the premises was actually transferred pursuant to their agreement; the lessee vacating, and they to whom he ceded taking over, the loft, wherein the latter remained, and whereof they enjoyed the benefits until the end of the term demised. Thus the lessors might, at their option, sue and recover, either from the lessee for the month or from his successors, treated as assignee, for the period of their occupancy under the agreement with the lessee. The judgment, upon the facts conceded and upon the evidence, should have been for the plaintiffs, instead of for the defendants.

Judgment reversed, and new trial ordered, with costs to the appellants to abide the event. All concur.